FRANK B. AND PAULINE COOPER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65055. Filed March 18, 1959.

*Eugene H. Fryman, Esq.*, and *Charles B. Ginocchio, Esq.*, for the petitioners.

*Mark H. Berliant, Esq.*, for the respondent.

### OPINION.

TIETJENS, *Judge:* This proceeding involves a deficiency in income tax for the taxable year 1954 in the amount of $526.61, and an addition thereto under section 294(d)(1)(B) of the 1939 Code in the amount of $140.67.

The only issue for decision is whether petitioners are entitled to a deduction for depreciation on improvements to subdivided real estate held for sale.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

During the taxable year 1954, petitioners, husband and wife, resided in Piketon, Ohio. They filed a joint Federal income tax return for that year with the district director of internal revenue at Columbus, Ohio.

In 1952, petitioner Frank B. Cooper and his father, J. W. Cooper, were the equal owners of a 22-acre tract of unimproved real estate located outside the corporate limits of Piketon. Concurrent with the announcement of the proposed construction of an Atomic Energy Plant in the Piketon area, to have a permanent employment of some 3,500 individuals, the Coopers commenced development of a subdivision on their property to be known as the Hilltop Addition. It was their intention to improve and subdivide the tract, and thereafter sell the resulting lots. To obtain the assistance of the Federal Housing Administration, they proposed to qualify the subdivision with F.H.A. standards. In November 1952, F.H.A. issued a subdivision report establishing those standards, and shortly thereafter, the Coopers entered into contracts for the grading and construction of roads, and installation of curbs, gutters, waterlines, and storm sewers to service the Hilltop Addition.

On July 20, 1953, the plat of the Hilltop Addition was approved by the County Planning Engineer of Pike County, by the County Engineer, by the County Planning Commission, by the Board of County Commissioners, by the County Auditor, by the County Re-

corder, by the Village of Piketon Planning Commission, and by the Clerk of the Village of Piketon. On July 23, 1953, Hilltop Addition was officially recorded on the plat record of the Recorder of Pike County. The lands which included Hilltop Addition were annexed to the corporate limits of Piketon in September 1955.

As originally planned, the Coopers intended to install a sanitary sewerage system in the subdivision which would utilize the lines of a proposed extension of the Piketon public sewerage disposal system. However, the proposed extension never materialized. The Coopers then considered installation of a sewerage system composed of individual septic tanks, but due to poor physical conditions in the project area F.H.A. approval of such a system could not be obtained, and it was abandoned. No adequate system had been acquired as of the close of 1954.

The Coopers operated Hilltop Addition as a partnership prior to 1954. Set forth below are the expenditures made by them on the land and improvements now under consideration:

| Item | Frank B. Cooper | John W. Cooper | Total |
|---|---|---|---|
| Roads | $5,365.29 | $5,365.29 | $10,730.58 |
| Storm sewers | 2,936.20 | 2,936.20 | 5,872.40 |
| Waterlines | 4,688.19 | 4,688.19 | 9,376.38 |
| Miscellaneous | 758.44 | 683.80 | 1,442.24 |
| Total improvements | 13,748.12 | 13,673.48 | 27,421.60 |
| Cost of land | 1,400.00 | 1,400.00 | 2,800.00 |
| Total investment | 15,148.12 | 15,073.48 | 30,221.60 |

J. W. Cooper died in December 1953, leaving his entire interest in the subdivision to his son Frank.

The only issue before the Court is whether or not petitioners are entitled to a deduction for depreciation of the various improvements made by them to the Hilltop Addition subdivision. In the event it should be held that they are entitled to that deduction, the parties have agreed on a basis of $19,848.12, and a useful life of 10 years for the property, and have further agreed to the use of the declining balance method of depreciating it.

Section 167 of the 1954 Internal Revenue Code,[1] provides an allowance for depreciation for property "used in the trade or business" or "held for the production of income." See also sec. 1.167(a)–1, Income Tax Regs. This allowance is based on the fact that property

[1] SEC. 167. DEPRECIATION.

(a) GENERAL RULE.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

(2) of property held for the production of income.

used by a taxpayer in his trade or business, or held for the production of income, gradually approaches a point where its usefulness is exhausted. Thus, through annual depreciation, a taxpayer is allowed to recoup, as an operating expense for a given taxable period, that portion of the cost of the property estimated to have been consumed in producing the income earned during the period. However, it is well settled that property held for sale does not constitute depreciable property within the meaning of the statute. *Nulex, Inc.*, 30 T.C. 769 (1958) ; *Camp Wolters Enterprises, Inc.*, 22 T.C. 737 (1954), affd. 230 F. 2d 555 (C.A. 5, 1956).

The property here sought to be depreciated consists of improvements made to real estate which was subdivided and held by the petitioners for sale. These improvements included the construction of roads, and the installation of curbs, gutters, waterlines, and storm sewers. Insofar as this record is concerned, there is nothing to indicate that all or any part of these improvements were, during the taxable period under consideration, used by petitioners in their trade or business or held by them for the production of income. In point of fact, the record establishes that they were held for disposal either as part of each lot sold, or by dedication to public use. Moreover, it has consistently been held that the cost of improvements such as these is a capital expenditure, allocable to the basis of the various unsold lots, to be realized by the developer upon his ultimate sale of the property. *Wood* v. *Commissioner*, 245 F. 2d 888 (C.A. 5, 1957), affirming in part T.C. Memo. 1955–301; *Commissioner* v. *Laguna Land & W. Co.*, 118 F. 2d 112 (C.A. 9, 1941) ; *Fairview Co.*, 13 B.T.A. 743 (1928). We are therefore of the opinion that petitioners have not shown the improvements made to the Hilltop Addition constitute depreciable property within the meaning of section 167 of the Code, and, accordingly, we deny the claimed deduction.

In the light of this conclusion, we need not consider respondent's alternative argument that the improvements have been dedicated to public use, and thus petitioners have lost whatever depreciable interest they might have had therein.

*Decision will be entered under Rule 50.*